DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| RUTH REESE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>U.S. AIRWAYS, INC., )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 2010-088 |

# MEMORANDUM OPINION AND AMENDED SCHEDULING ORDER

THIS MATTER comes before the Court on the parties' "Joint Motion to Extend the Discovery Deadlines" which was filed on September 23, 2011 (Dkt. No. 22).

On November 10, 2010, the Magistrate Judge of this Court issued a Scheduling Order providing, among other things, for the completion of all factual discovery by September 30, 2011; the filing of dispositive motions by May 31, 2012; and a trial date of August 13, 2012 (Dkt. No. 9). By their Joint Motion, the parties now seek a six-month extension of *all* deadlines in the Scheduling Order – including the dispositive motion deadline and the trial date. The parties assert that, although they have completed written discovery, they need additional time to take depositions. They contend that the delay in completing discovery was due, in large part, to the need to enter into a confidentiality agreement for the release of Plaintiff's medical records.

To modify a scheduling order, a party must demonstrate "good cause." Fed. R. Civ. P. 16(b)(4). "The rationale for the 'good cause' requirement for modification of a court's scheduling order is that 'scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired.'" *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, 2008 WL 4642191, at *6 (D.V.I. 2008) (quoting

*Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986)).  This "good cause" inquiry "focuses on the moving party's burden to show due diligence."  *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010).

Adherence to an established case management schedule is important in helping to ensure an orderly, efficient, diligently pursued, and timely disposition of matters before the court.  This Court deems such adherence to an established schedule to be especially important when considering dispositive motion deadlines and trial dates.  Accordingly, the Court does not look favorably on insufficiently justified requests to extend such deadlines or dates.

Here, the parties seek to extend the dispositive motion deadline and trial date by approximately six months.  The grounds given for the requested half-year extension are that the Plaintiff would not authorize the release of her medical records until the parties entered into a confidentiality agreement, which occurred on April 20, 2011.  (Dkt. No. 14)  However, the parties do not explain why it took over five months to enter into a stipulated confidentiality agreement.  Absent an explanation from the parties, the Court cannot conclude that they acted diligently in resolving their apparent dispute regarding the Plaintiff's medical records or that this reason provides good cause for the relief requested.  Accordingly, the Court will not extend the dispositive motion deadline and trial date.

The parties also seek an extension of the fact discovery deadline by approximately six months to allow depositions to proceed beyond the initial discovery cut-off of September 30, 2011, as well as a similar adjustment to the expert disclosure and deposition deadlines.  Accepting as true the parties' premise that the dispute over Plaintiff's medical records stalled their discovery efforts, the Court does not view a six-month extension (in addition to the 10-month discovery period already provided) as warranted, especially given the parties'

acknowledgement that they have completed written discovery. Nonetheless, moving the discovery and expert deadlines by approximately two months – which should provide sufficient additional time – is not likely to impede the efficient resolution of this case in view of the Court's determination that the dispositive motion deadline and trial date will remain unchanged. Accordingly, the Court will extend the deposition cut-off date, expert disclosure deadlines, and expert deposition deadline by approximately two months.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Joint Motion to Extend the Discovery Deadlines is **GRANTED IN PART AND DENIED IN PART** as specifically set forth below; and it is further

**ORDERED** that the Scheduling Order entered on November 10, 2010, is amended as follows:

1. **FACTUAL DISCOVERY**

    The factual discovery deadline is closed, except that the parties may continue to take depositions until **December 2, 2011**.

2. **MEDIATION**

    Mediation pursuant to LRCi 3.2 shall be completed by **January 13, 2012.** A status conference shall be held in the Magistrate's Chambers on **January 18, 2012**.

3. **EXPERT DISCOVERY**

    a. **PLAINTIFF'S EXPERT DISCLOSURES**

        Plaintiff's experts shall be named and copies of their opinions, as provided in Fed. R. Civ. P. 26(a)(2), shall be submitted on or before **January 17, 2012**.

    b.  **DEFENDANT'S EXPERT DISCLOSURES**

Defendant's experts shall be named and copies of their opinions, as provided in Fed. R. Civ. P. 26(a)(2), shall be submitted on or before **March 2, 2012**.

    c.  **EXPERT DEPOSITIONS**

All expert depositions, as provided in Fed. R. Civ. P. 26(a)(2), shall be completed by **April 20, 2012**.

    d.  **REBUTTAL REPORTS**

No rebuttal reports are allowed without leave of the Court.

4. **DISPOSITIVE MOTIONS**

All dispositive motions, including *Daubert* motions, must be filed by **May 31, 2012**. No extensions on the filing of opposition or reply briefs are allowed without leave of the Court.

5. **MOTIONS IN LIMINE**

All motions *in limine* shall be filed no later than twenty-one (21) days in advance of the trial date, with any responses due within five (5) days of service thereof and any reply within three (3) days of service of the response.

6. **JOINT FINAL PRETRIAL STATEMENT**

    a.  Plaintiff shall complete and deliver to counsel for Defendant her portion of the Joint Final Pretrial Statement in accordance with LRCi 16.1, App. 1, by **June 29, 2012**.

    b. Defendant shall complete and deliver to counsel for Plaintiff its portion of the Joint Final Pretrial Statement in accordance with LRCi 16.1, App. 1, by **July 11, 2012**.

    c. The Joint Final Pretrial Statement and proposed Order shall be filed with the Court by **July 13, 2012**.

### 7. EXHIBIT AND EXPERT WITNESS DEADLINE

The exhibit list and expert witness list are due on **July 13, 2012**.

### 8. PRETRIAL CONFERENCES

A Pretrial Conference shall take place with the Magistrate Judge on **July 18, 2012**.

A Final Pretrial Conference shall take place with the District Judge on **August 8, 2012**.

### 9. JURY TRIAL

Jury Trial will held be on **August 13, 2012** at **9:30 a.m**. and is estimated to take three (3) days.  This date may be continued if there are pending dispositive motions or a criminal trial that will take precedence.

### 10. MODIFICATIONS

Any extensions, changes, and/or modifications of any dates or deadlines contained herein shall be made only for good cause and only with the Court's consent pursuant to Fed. R. Civ. P. 16(b)(4).

    SO ORDERED.

Date: October 14, 2011                           _____/s/_____
                                                             WILMA A. LEWIS
                                                             District Judge